# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | |
| | § | CASE NO. 4:17CR67 |
| BYRON DANIEL CARRENO MERO (2), | § | Judge Mazzant/Judge Johnson |
| | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On September 27, 2017, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations (*see* Dkt. #72) that Defendant Byron Daniel Carreno Mero's ("Defendant") Motion to Suppress (Dkt. #40) be **DENIED**.

Defendant filed objections to the report (Dkt. #74), and the Government filed a response (Dkt. #76). The Court has made a *de novo* review of the objections raised by Defendant and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

Defendant objects to the Magistrate Judge's conclusion that the Government's delay in presentment was reasonable. In *McNabb v. United States*, 318 U.S. 332 (1943), and *Mallory v. United States*, 354 U.S. 449 (1957), the Supreme Court established the remedy of suppression for violations of the prompt-presentment requirement. Congress modified the *McNabb–Mallory*

framework by enacting 18 U.S.C. § 3501 in 1968, to allow for a six-hour safe harbor. If the delay falls outside of the safe harbor, the court then looks to the causes for the delay to determine if the delay was justifiable. Defendant has the burden of demonstrating a *McNabb–Mallory* violation. *See, e.g., United States v. Brown*, 459 F.2d 319, 324 (5th Cir. 1971); *Joseph v. United States*, 239 F.2d 524, 527 (5th Cir. 1957); *White v. United States*, 200 F.2d 509, 512 (5th Cir. 1952).

Defendant was detained for twelve days at sea before his initial appearance before the Magistrate Judge. However, as the Magistrate Judge explained, "the government is not required to take the fastest possible route to the courthouse—just a reasonable one." Dkt. #72 (citing *United States v. Boche-Perez*, 755 F.3d 327, 338 (5th Cir. 2014)). Furthermore, "[t]he 'reasonableness' of a delay is not determined by 'watching the clock' but rather by looking to the cause of the delay." Dkt. #72 (citing *United States v. Abu Khatallah*, 2017 WL 3534989, at *14 (D.D.C. Aug. 16, 2017)). Here, the Magistrate Judge concluded that based on various logistical factors—including the fact that the Government did not learn of Defendant's ultimate destination until two days after he was detained, and the need for coordination among various governmental authorities to arrange transportation and other logistics, the delay was reasonable.

Defendant argues that because the Coast Guard ship on which Defendant was detained has the capability of performing a video conference with any U.S. District Court, the delay was unreasonable. *See* Dkt. 74 at 3. However, the Magistrate Judge's report acknowledged that while the Government should consider adjusting its procedures in light of available technology allowing for appearances by video conference, based on the record before the Court, Defendant did not meet his burden in demonstrating a *McNabb-Mallory* violation.

Based on the foregoing, the Court finds no error, and Defendant's objections are **OVERRULED**. Therefore, Defendant's Motion to Suppress (Dkt. #40) is **DENIED**.

**It is SO ORDERED.**

**SIGNED this 31st day of October, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE